BUSHNELL (HATFIELD v.). See Case No. 6,211.

BUSHONG (DU PONT v.). See Case No. 4,184.

BUSSARD (BANK OF THE UNITED STATES v.). See Case No. 911.

## Case No. 2,228.

### BUSSARD v. CATALINO.

[2 Cranch, C. C. 421.][1]

Circuit Court, District of Columbia. Oct. Term, 1823.

DEPOSITIONS — NOTICE OF TAKING — CERTIFICATE OF MAGISTRATE — FORM — CAPTION — WITNESS FEES.

1. In taking a deposition under the act of congress it is not necessary that the notice to the opposite party should require him "to put interrogatories if he should think fit;" nor that the magistrate should certify that the witness was sworn to testify the whole truth "in the matter in controversy;" nor that the testimony, if reduced to writing by the witness, was so reduced to writing in the presence of the magistrate.

2. Nor will a deposition be rejected on account of the evidently accidental omission of a word in the magistrate's certificate of the caption.

[See note to Case No. 2,088.]

3. The attendance of only three witnesses to any one fact, will be allowed to be taxed against the opposite party, unless the court shall be satisfied by affidavit, that the party who summoned them had good reason to believe that their testimony would be necessary to support the issue or issues on his part.

[Cited in Young v. Merchants' Ins. Co., 29 Fed. 275.]

At law. Assumpsit [by Daniel Bussard against Salvadore Catalino] for money let, &c.

Mr. J. Dunlop, for the plaintiff, objected to the deposition of E. W. Duvall, taken on the part of the defendant, before Thomas Carberry, Esq., mayor of Washington, in the presence of the plaintiff: 1. Because the notice to plaintiff to attend at the time and place of caption, did not require him "to put interrogatories if he should think fit." 2. Because in the certificate of the caption, the

---

[1] [Reprinted from 3 N. B. R. 685 (Quarto, 167), by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

word "not" was omitted before the words "less than at the rate of one day for every twenty miles." 3. Because the magistrate has not certified that the witness was sworn to testify the whole truth "in the matter in controversy." 4. Because he has not certified that the part of the testimony which was reduced to writing by the witness himself, was so reduced in the presence of the magistrate. It being only certified that the testimony was reduced to writing by the witness and the magistrate.

THE COURT, however, overruled all these objections; CRANCH, Chief Judge, doubting as to the last, but assenting, because the parties had agreed to receive that part of the testimony which appeared to be in the deponent's handwriting.

Verdict for the defendant, by assent of the plaintiff, without any evidence having been produced on either side. The defendant having summoned upwards of thirty witnesses, the plaintiff objected to their being taxed against him.

THE COURT (nem. con.) directed the clerk not to tax more than three witnesses for the defendant; unless the defendant should satisfy the court by affidavit of the particular points to prove which they were summoned, and that they were necessary to his defence. Upon such affidavit being made, THE COURT allowed all to be taxed, excepting six; there having been nine summoned to one point.